1  **WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
| --- | --- | --- |
| Plaintiff/Appellee, | ) | |
| | ) | No. CR 17-1348-TUC-CKJ |
| vs. | ) | |
| | ) | (16-3179MJ-JR) |
| Dawn Lita Campbell, | ) | |
| | ) | |
| Defendant/Appellant. | ) | **AMENDED ORDER** |

Pending before the Court is the appeal from the judgment of conviction for the misdemeanor conviction for Aiding and Abetting Aliens to Elude Examination and Inspection by Immigration Officers submitted by Dawn Lita Campbell ("Campbell"). The Court declines to schedule this matter for oral argument.

*Factual and Procedural Background*

On August 12, 2016, Campbell was arrested for Conspiracy to Transport Illegal Aliens for Profit. Following negotiations between former counsel and the government, an Information for the Class B Petty Offense of Aiding and Abetting Aliens to Elude Examination and Inspection by Immigration Officers. a misdemeanor, was filed against Campbell (4:16-mj-03179-JR, Doc. 25).

Pursuant to an agreement between the parties, the felony Complaint would be dismissed in exchange for Campbell's plea to the misdemeanor charge in the Information of Aiding and Abetting Aliens to Elude Examination and Inspection by Immigration Officers. Further, the agreement provided that Campbell waived her right to any appeal of the court's

entry of judgment against Campbell, the sentence imposed, or any right to collaterally attack the Campbell's conviction. Campbell pleaded guilty pursuant to the plea agreement on August 31, 2016 (4:16-mj-03179-JR, Docs. 26 and 27). At that time, a Stipulation and Joint Motion for Release of Material Witnesses without Taking Video Deposition (4:16-mj-03179-JR, Doc. 28). The United States Marshal was ordered to release the material witnesses to the Department of Homeland Security for return to their country of origin.

Defense counsel moved to withdraw (4:16-mj-03179-JR, Doc. 55). During the July 10, 2017, hearing on that request, the magistrate judge was informed that Campbell sought to withdraw her plea of guilty. The magistrate judge granted the motion for counsel to withdraw and set the matter for sentencing and/or a status conference regarding a motion to withdraw plea.

At the August 14, 2017 sentencing/status conference, new counsel orally moved for Campbell to withdraw from the plea agreement. The magistrate judge denied the request and sentenced Campbell; a 90 day sentence of imprisonment was imposed.[1] The magistrate judge stayed the date Campbell was to report to serve her sentence pending the outcome of this appeal.

Campbell appeals the magistrate judge's denial of her motion to withdraw from the plea agreement.

*Jurisdiction*

This Court has appellate jurisdiction of the magistrate judge's entry of the judgment of conviction and sentence. *See*, 18 U.S.C. § 3402 ("In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed"); Fed.R.Crim.P. 58(g).

---

[1] The plea agreement included an agreement to a sentence of 150 days of imprisonment. The government subsequently agreed to a stipulated sentence of 90 days.

- 2 -

*Standard of Review*

"The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Indeed, an appellant/defendant is "not entitled to a trial de novo be a district judge." *Id*.

*Waiver of Right to Appeal*

Campbell argues that she did voluntarily waive her right to appeal. Specifically, she asserts that the seven factors discussed by the Sixth Circuit support a finding Campbell did not voluntarily waive her right to appeal the request to withdraw her guilty plea. *See United States v. Haygood*, 549 F.3d 1049 (6th Cir. 2008); *United States v. Toth*, 668 F.3d 374 (6th Cir. 2012). However, the Ninth Circuit has not enumerated such a multi-factor consideration. Rather, in a similar case, the Ninth Circuit stated:

> Pursuant to his pre-indictment plea agreement, [defendant] "waiv[ed] and g[ave] up any right to appeal [his] convictions on the offenses to which [he] . . . plead[ed] guilty." "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted). We will decline to enforce a waiver meeting the preceding requirements "only if the district court failed to comply with Federal Rule of Criminal Procedure 11, the court informed the defendant that she retained the right to appeal, the sentence did not comport with the terms of the plea agreement, or the sentence violated the law." *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013).
>
> [Defendant's] waiver meets the requirements for enforcement. First, defendant's waiver is sufficiently broad to cover this appeal. *See, e.g., Brizan*, 709 F.3d at 866 ("We have consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea." (citation omitted)). Second, on its face, the transcript from [defendant's] plea hearing indicates that [defendant] knowingly and voluntarily agreed to plead guilty and waive his appellate rights. *See United States v. Jeronimo*, 398 F.3d 1149, 1157 n.5 (9th Cir. 2005) (assessing whether a waiver was knowingly and voluntarily made by looking at the plea-hearing transcript), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

*United States v. Silveira*, No. 16-50223, 2017 WL 3432585, at *1 (9th Cir. Aug. 10, 2017).

Just as in *Silveira*, Campbell's waiver of appeal rights is sufficiently broad to cover this appeal. Moreover, the transcript from Campbell's plea hearing indicates that Campbell knowingly and voluntarily agreed to plead guilty and waive her appellate rights.

- 3 -

1  Specifically, the magistrate judge complied with Fed.R.Crim.P. 11, the magistrate judge
2  informed Campbell she had the right to appeal, Campbell's sentence comported with the
3  terms of the plea agreement and the sentence does not violate law. The Court finds Campbell
4  waived the right to appeal the denial of her request to withdraw her guilty plea. *United States*
5  *v. Michlin*, 34 F.3d 896, 898, 901 (9th Cir.1994) (holding that a defendant's valid waiver of
6  his appellate rights forecloses his right to appeal a denial of his motion to withdraw his plea);
7  *United States v. Rahman*, 642 F.3d 1257 (9th Cir. 2011).

*Request to Withdraw Guilty Plea*

Moreover, even if the Court were to find that Campbell had not waived her right to appeal, her relief must be denied. The necessary showing for withdrawal of a guilty plea differs depending upon the point in the proceedings at which the motion is made. A defendant may withdraw a plea of guilty before the Court accepts the plea for "any reason or no reason" or after the Court accepts the plea, but prior to sentencing, for a "fair and just reason." Fed.R.Crim.P. 11(d)(1) and (2)(B).[2] The denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *United States v. Showalter*, 569 F.3d 1150 (9th Cir. 2009).

A defendant has the burden of showing a fair and just reason for withdrawal of a guilty plea. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir.2003). The standard is applied liberally. *United States v. Jones*, 472 F.3d 1136 (9th Cir. 2007) (where defendant

---

[2]Other circuits have set forth factors or tests that are used in determining whether a motion to withdraw a plea should be granted. In *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005), the court noted that the district court had borrowed a four-part test from out of circuit that examined "the plausibility of the reasons for the withdrawal, the timing of the motion, whether Garcia had asserted his innocence, and whether the original plea was involuntary in violation of the standards set forth in Federal Rule of Criminal Procedure 11." 401 F.3d at 1010. The court stated that the district court improperly considered those factors – the Ninth Circuit found that new evidence warranted setting aside the plea. The Court, therefore, does not consider those out-of-circuit tests.

only offered his own inaccurate interpretation of the law, court did not abuse discretion in denying motion to withdraw plea). Fair and just reasons include an inadequate Rule 11 plea colloquy, newly discovered evidence, intervening circumstances, or other reasons that did not exist when the plea was entered. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005), *citing United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir.2004). A defendant's good faith change of heart or unsupported protestations of innocence is not an adequate "fair and just reason." *See e.g., United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987).

In this case, Campbell stated during her change of plea proceeding that she read and talked to her lawyer about the plea agreement so that she could understand it, and that she agreed to comply with the plea agreement. August 31, 2016 Transcript, p. 3. When informed of the potential sentence and other consequences, Campbell stated that she understood. *Id*. at 3-4. She further stated that she was entering into the plea of guilty voluntarily and because she was guilty. *Id*. Additionally, when the magistrate judge summarized the rights Campbell would be giving up by entering a plea of guilty, she stated that she understood those rights. *Id*. at 5-6. These statements "carry a strong presumption of veracity in [this] subsequent proceeding[] attacking the plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883-84 (9th Cir. 2004) (citation omitted); *see also United States v. Mims*, 928 F.2d 310, 313 (9th Cir.1991) (attaching substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of a plea); *United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir.1993) ("statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because 'solemn declarations made in open court carry a strong presumption of veracity").

Campbell testified that she had discussed the plea agreement with counsel and that she was entering into the plea voluntarily. Further, Campbell provided a factual basis for her plea of guilty; her current assertions of actual innocence are not sufficient to dispute her statements under oath that she committed the offense. Even if the Court were to consider the Sixth Circuit Court of Appeals totality of circumstances factors, this result does not

change. Additionally, the Court also considers that Campbell delayed nearly a year before seeking to withdraw her guilty plea and asserting she is actually innocent. *See Ortega-Ascanio*, 376 F.3d at 886 (citing *United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.) (where withdrawal motion is delayed, the reasons to support withdrawal must have considerably more force) (*cert. denied*, 421 U.S. 1013 (1975)).

Accordingly, IT IS ORDERED:

1. The judgment of conviction and sentence of Dawn Lita Campbell is AFFIRMED.
2. Campbell shall submit for service of sentence on December 8, 2017 by noon to the U.S. Marshal. Should Campbell fail to submit for service of sentence as ordered a warrant will issue for her arrest.

DATED this 21st day of November, 2017.

_____
Cindy K. Jorgenson
United States District Judge